UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA BLOUNT, aka SANDRA CASTRO,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF LOS ANGELES AND DOES 1 through 100, Inclusive,<br><br>*Defendants.* | CASE NO.: CV13-08672 DDP (FFMx)<br>*Hon. Dean D. Pregerson, Ctrm. 3, 2nd Fl.*<br>*Mag. Frederick F. Mumm, Ctrm. E, 9th Fl.*<br><br>[PROPOSED] **AMENDED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

1. In accordance with the above-referenced agreement, the City of Los Angeles has agreed to produce copies of the following documents following the issuance of a protective order in this matter:

**(a) A supplemental response to Plaintiff's Interrogatories, Set No. 3, which includes the last known address, date of birth and social security number for former LAPD Officer Alejandro Arredondo.**

**(b)     The information to be disclosed will be accessible by only Plaintiff's counsel and his investigator and process server.  Further, in the event Plaintiff is able to locate and serve former LAPD Officer Alejandro Arredondo, any proof of service which is filed and which contains any protected information will be sealed by way of this Stipulation and Protective Order to be issued by the Court.**

## GOOD CAUSE STATEMENT

2.     The Los Angeles Police Department has possession, custody and control of the personnel file of former LAPD Officer Alejandro Arredondo.

3.     Thus far, the City has been unable to obtain authorization from the former employee, Alejandro Arredondo, to accept service of the Plaintiff's First Amended Complaint and Summons.

4.     The personnel file for former LAPD Officer Alejandro Arredondo contains his last known address, social security number and date of birth.  The City and LAPD maintain that this information is confidential in nature and not subject to disclosure through the normal course of discovery in a civil or criminal action.

5.     The Department strives to maintain the confidentiality of an officer's personnel package and Administrative Investigations, and the information contained therein, in recognition of the protections granted pursuant to Penal Code § § 832.5, 832.7, and 832.8 and 1040 et al. of the California Evidence Code.

6.     The federal courts have recognized the strong interest in protecting the dissemination of an officer's personal information in civil litigation.  (See *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir. 1992); *Kerr v. United States District Court*, 511 F.2d 192 (9th Cir. 1975; aff. 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033 (9th Cir. 1991); *Soto v. City of Concord,* 162 F.R.D. 603, 613 (N.D. Cal. 1995); *Martinez v. Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653

/ / /

1  (N.D. Cal. 1987); *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105
2  L.Ed.2d 469 (1989); and *Miller v. Pancucci*, 141 F.R.D. 292, 297-298 (C.D. Cal.
3  1992).)

## TERMS OF THE PROTECTIVE ORDER

6      7.    If the Protective Order is issued, Defendants will produce the above-referenced information and the supplemental discovery response will be marked in one of the following ways: "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

13      8.    Confidential Information may be used by the persons receiving such information only for the purpose of attempting to locate and serve former LAPD Officer Alejandro Arredondo with the First Amended Complaint and Summons and/or a deposition subpoena (F.R.C.P. 45).

17      9.    Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

19      (a)    Counsel for the Plaintiff, his process server and investigator.

20      10.    Any proof of service which is filed and which contains any protected information will be sealed by way of this Stipulation and Protective Order to be issued by the Court.

23      11.    Upon the final termination of this litigation in either the United States District Court (Central District of California), the Ninth Circuit Court of Appeals or Los Angeles County Superior Court, all Confidential Information and all copies thereof shall be returned to the Los Angeles City Attorney's Office within fourteen (14) calendar days along with written confirmation from Plaintiff's counsel that all
28  ///

3

1  materials are being returned pursuant to the terms of this Stipulation and the District
2  Court's order on this Stipulation.
3      12.   If Plaintiff's counsel receives a subpoena or other request seeking
4  Confidential Information identified herein, he or she shall immediately give written
5  notice to the Defendants' counsel, identifying the Confidential Information sought and
6  the time in which production or other disclosure is required, and shall object to the
7  request or subpoena on the grounds of this stipulation so as to afford the Defendants an
8  opportunity to obtain an order barring production or other disclosure, or to otherwise
9  respond to the subpoena or other request for production or disclosure of Confidential
10 Material.  Other than objecting on the grounds of this stipulation, no party shall be
11 obligated to seek an order barring production of Confidential Information, which
12 obligation shall be borne by the Defendants.  However, in no event should production
13 or disclosure be made without written approval by the Defendants' counsel unless
14 required by court order arising from a motion to compel production or disclosure of
15 Confidential Information.
16     13.   Any pleadings, motions, briefs, declarations, stipulations, exhibits or other
17 written submissions to the Court in this litigation which contain, reflect, incorporate or
18 refer to Confidential Information shall be **submitted with an application that the**
19 **document be filed and maintained under seal either pursuant to Ex Parte**
20 **Application and Order of the Court or Stipulation of the parties and Order of the**
21 **Court. (Local Rule 79-5, et seq.).  Good cause for the under seal filing must be**
22 **shown.**  If a document or pleading submitted to the Court, as described in this
23 paragraph, makes only a general reference to any document or information contained
24 therein covered by this protective order, but does not quote or describe its contents in
25 any specific way, and does not include the protected document itself, then the party or
26 parties need not enter into a Stipulation or otherwise seek an order to file the
27 documents under seal.  <u>**In entering into a Stipulation for the filing of Confidential**</u>
28 <u>**Information under seal, neither one of the parties waives its right to object to the**</u>

1 **admissibility of said information in connection with that proceeding or to move to**
2 **exclude said information prior to or during the time of trial.**
3     14.    The parties agree that the spirit of confidentiality as protected in this order
4 will apply to all proceedings.  To that end, before any protected document or any
5 information derived therefrom is to be put forward, admitted into evidence, discussed
6 in detail or otherwise publicized in Court, the party raising the protected document will
7 inform the other parties and allow for a motion to the Court to close the proceedings to
8 the public.
9     15.    Nothing herein shall prejudice any party's rights to object to the
10 introduction of any Confidential Information into evidence, on grounds including but
11 not limited to relevance and privilege.
12     16.    During the course of depositions, when counsel makes an objection to a
13 question concerning a protected document or information contained therein, which is
14 the subject of this Stipulation and protective order, or concerning a general area that
15 counsel believes should be covered by the scope of this Stipulation and protective
16 order, those witnesses (as identified in Paragraph 3(a) herein) may answer the question,
17 without waiving the objections, and the questions and answers to those questions will
18 be sealed and covered by the terms of this protective order. Counsel and the parties
19 reserve the right to object to the disclosure of confidential or private information which
20 is not the subject of this Stipulation and protective order.  Any documents deemed
21 confidential pursuant to this protective order will be sealed, if they are used as exhibits
22 in any deposition.  This agreement does not waive any objections counsel may make,
23 including objections unrelated to the reasons for this protective order.
24     17.    Each person receiving or reviewing Confidential Information must
25 consent to the jurisdiction of the United States District Court for the Central District of
26 California, including the Magistrate Judge assigned to this case, with respect to any
27 ///
28

1  proceeding relating to enforcement of this Order, including, without limitation, any
2  proceeding for contempt and/or monetary sanctions.
3       18.   Plaintiff, through her counsel, agrees not to attempt to use the
4  Confidential Information identified herein at the time of trial as evidence in support of
5  any of her claims or causes of action.  Plaintiff, though her counsel, agrees that she
6  shall not attempt to use the Confidential Information identified herein, at any
7  deposition.
8       19.   This Stipulation may be signed in sub-parts and may be transmitted by
9  facsimile as if it was the original document.  Defendants will lodge this executed
10 Stipulation with the Court for approval.
11       IT IS SO ORDERED.
12
13 Dated: October 16, 2014         By:  /S/ FREDERICK F. MUMM
                                         FREDERICK F. MUMM
14                                       United States Magistrate Judge