O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA BLOUNT aka SANDRA CASTRO, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LOS ANGELES, <br><br> Defendants. | Case No. CV 13-08672 DDP (AGRx) <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF MAGISTRATE JUDGE MUMM'S OCTOBER 14, 2014 ORDER AWARDING ATTORNEY'S FEES** <br><br> [DKT. NO. 64] |

Presently before the Court is Defendant's motion for review of Magistrate Judge Mumm's order awarding Plaintiff attorney's fees of $2,000.00 (the "Motion"). (Docket No. 64.) For the reasons stated in this order, the Motion is DENIED.

**I. Background**

Plaintiff Sandra Blount ("Plaintiff") brings this civil rights action against Defendants City of Los Angeles and current/former Los Angeles Police Officers Trevin Grant, Philip Clayson, and Alejandro Arredondo (collectively, "Defendants"). On August 22, 2014, the Court granted an ex parte application to modify the scheduling order to allow Plaintiff additional time to obtain

information needed to properly serve the correct Alejandro Arredondo after it was discovered that the person by that name who had been served was not the individual involved in the underlying incident. (Docket No. 45.) On September 16, 2014, apparently after efforts to obtain Arredondo's contact information from the City without the need for a motion, Plaintiff filed a motion to compel, seeking the last known address, drivers license number, and/or birth date of Defendant Alejandro Arredondo for the purposes of being able to serve the proper defendant. (Docket No. 46; see also Guizar Decl., Docket No. 46-1.) Magistrate Judge Mumm granted the motion to compel at the October 7, 2014 hearing on the motion and took under submission the issue of whether to grant Plaintiff's request for attorney's fees incurred in connection with the motion to compel. (Docket No. 51.) On October 14, 2014, Magistrate Judge Mumm granted Plaintiff's request for attorney's fees, awarding $2,000.[1] (Docket No. 54.) Magistrate Judge Mumm's short order indicated that he awarded fees because "the motion should not have been necessary" and "[g]iven the issues involved, the parties should have been able to work out a resolution without the necessity of Court intervention." (Id.) Defendants now seek this Court's review of the fee award. (Docket No. 64.)

**II. Legal Standard**

Pursuant to Local Rule 72-2.1, "[a]ny party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense must file a motion for review by the assigned District Judge, designating specific

---

[1] Plaintiff sought $11,000 in fees. (Docket No. 46-1, ¶ 24.)

1  portions of the ruling objected to and stating the grounds for the
2  objections." Under this rule, a District Court will not modify or
3  set aside a magistrate judge's ruling unless the objecting party
4  shows that the ruling was "clearly erroneous or contrary to law."
5  28 U.S.C. § 626(b)(1)(A); China Nat'l Metal Prods. Import/Export
6  Co. v. Apex Digital, Inc., 155 F.Supp.2d 1174, 1177 (C.D. Cal.
7  2001); Dewey v. Adams, 2013 WL 8291427, at *1 (C.D. Cal. 2013).
8  "The clearly erroneous standard applies to the magistrate judge's
9  factual findings while the contrary to law standard applies to the
10 magistrate judge's legal conclusions, which are reviewed de novo."
11 China Nat'l, 155 F.Supp.2d at 1177; see also Wolpin v. Philip
12 Morris, Inc., 189 F.R.D. 418, 422 (C.D. Cal. 1999).

**III. Discussion**

Under Rule 37, if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(a)(5)(A).

Defendants contend that their opposition to the motion to compel, necessitating a ruling by Magistrate Judge Mumm, was substantially justified and, therefore, that no attorney's fees should have been awarded. Most of Defendants' argument revolves around the fact that the City offered to turn over the requested

3

contact information much earlier in this litigation if Plaintiff filed an ex parte application for the release of the information subject to a protective order. This offer occurred in April 2012, while the action was pending in state court. Plaintiff never pursued this offer, however, because Plaintiff erroneously believed that she had already located and served Alejandro Arredondo and, therefore, that she had no need for the offered information.

Now that Plaintiff has discovered her error and been permitted to locate and serve the correct Alejandro Arredondo, she again seeks his contact information from the City. It does appear that this matter could have been resolved without necessitating a motion to compel, but who should bear the blame for failing to resolve this issue is unclear. Plaintiff contends that she offered to sign a protective order regarding the information, but that Defendants still refused to hand it over, forcing her to file the motion. Defendants claim that Plaintiff should have filed an ex parte and, further, that Plaintiff should have prepared a protective order for review by Defendants' counsel; because Plaintiff failed to take either course of action, Defendants argue that they acted reasonably in withholding the confidential information.

Further complicating matters, Defendants' counsel previously answered the complaint in this action on behalf of the erroneously served Alejandro Arredondo. Not only that, but Defendants' counsel also served discovery and otherwise affirmatively pursued a defense of the served individual, thereby effectively representing him in this action and supporting the incorrect impression that the correct party had been served. Throughout this time, Plaintiff was never informed by Defendants' counsel that the served individual

4

was not the Alejandro Arredondo who participated in the underlying incident. As a result, Defendants' counsel's course of conduct was certainly a contributing factor to the case arriving at a point where Plaintiff needed to file the motion to compel.

Given the convoluted procedural history in this case, the Court is not convinced that Magistrate Judge Mumm's decision to award $2,000 in attorney's fees to Plaintiff was clearly erroneous or contrary to law. Magistrate Judge Mumm's determination that the issue could have been resolved without resort to a motion to compel and that Defendants were at fault for forcing Plaintiff to file the motion to compel is a reasonable one. Further, though he did not explain how he determined that $2,000 was an appropriate award, it was not clearly erroneous to reduce the amount of fees awarded based on an assessment of the amount of work reasonably required in connection with the motion to compel and the reasonable hourly rate for Plaintiff's counsel. Therefore, the Court DENIES the motion for review.

Plaintiff, in opposing the Motion, also requests that this Court order additional sanctions against Defendants for filing the Motion, which she deems "frivolous." However, the Court declines to order additional sanctions at this time.

**IV. Conclusion**

For the foregoing reasons, the Motion is DENIED. The temporary stay on the payment of awarded fees (Docket No. 66) is lifted, and

///

///

///

Defendants shall have 14 days from the date of this order to comply with Magistrate Judge Mumm's October 14, 2014 order.

IT IS SO ORDERED.

Dated: December 8, 2014

DEAN D. PREGERSON
United States District Judge